## Todd et ux. v. Norristown Borough

*Horace A. Davenport,* for plaintiffs.

*Julian W. Barnard,* for defendant.

FORREST, J., May 21, 1952.—Under the Act of May 4, 1927, P. L. 519, as amended, 53 PS §12900, petitioners, Walter H. Todd and Elsie M. Todd, his wife, Walter Harold Todd and Helen Todd Cahill, filed their complaint and appeal on January 7, 1952, alleging in paragraph 11 as follows:

"11. Complainants aver that the said ordinance no. 969 is illegal and void for reasons inter alia as follows:

"(a) The borough advertised a proposed change from a "B" residence district to a "C" residence district, then without readvertising and giving proper notice changed the zoning classification from a "B" residential district to a "BA" residential district.

"(b) The ordinance is arbitrary and unreasonable and fails to comply with the Zoning Ordinance enabling act, Act of June 29, 1923, P. L. 957, sec. 3; Purd. Stats. 15733.

"(c) The borough was arbitrary and unreasonable in not divulging the written objections sent by registered mail to the Borough of Norristown on October 9, A.D., 1951, by the complainants.

"(d) The enforcement of the said ordinance by the defendant borough and its officials and officers will deprive the complainants of property without due process of law."

We will consider only the complaint as set forth in subparagraphs (a) and (c), since subparagraphs (b) and (d) are merely allegations of conclusions of law and are not supported by allegations of facts.

The Borough of Norristown filed an answer in which it set forth that petitioners attended a hearing before the zoning commission in which the applicant, the owner of the property involved, requested that the

classification be changed from B to BA, rather than in accordance with his original request from B to C. It should be noted here that class C is less restrictive than class BA and that petitioners were objecting to a lowering of the restriction.

As to subparagraph (c), the borough answered that the borough secretary did receive a letter objecting to the borough ordinance in general, but not particularly to this proposed change. Be that as it may, we will consider the letter as voicing an objection.

So far as our search reveals, there is no statutory law, nor is there any decided case, which prohibits a zoning commission from recommending a change, to a district other than the classification requested, just so long as the change is no more objectionable to the protestants than the change advertised.

The objectors were present and their arguments against the change from B to C would be just as applicable to a change from B to BA, and certainly, the change effected was more favorable to them than the change originally applied for.

The applicant for the change, at the hearing before the commission, stated publicly that he would be satisfied with the change from B to BA and, therefore, when the ordinance made the change from B to BA, rather than from B to C, it was no surprise to petitioners.

Secondly, petitioners objected that the action of the borough was arbitrary and unreasonable in that it did not divulge the written objections at the public hearing. There is no provision in the law requiring this, and, certainly, there appears to be no reasonable requirement for its being done. Accordingly, petitioners have not sustained their complaint that ordinance no. 696 is illegal.

And now, May 21, 1952, the petition of Walter H. Todd and Elsie M. Todd, his wife, and Walter Harold

Todd and Helen Todd Cahill v. the Borough of Norristown, complaining that the Ordinance No. 969 of the Borough of Norristown is illegal, is dismissed.